

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. 2. Sutton
County Auditor
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. 0-5560
Re: Whether there shall be as-
sessed against the Defen-
dant the trial fee for con-
viction in the justice of
the peace court along with
the trial fee for such con-
viction in the county court
in certain cases and a re-
lated question concerning
assessment against the De-
fendant of fees allowed the
county attorney.

Your letter of August 18, 1943, requesting the
opinion of this Department presents the following questions:

"When a case is appealed from justice court
to county court and the defendant is convicted or
pleads guilty in county court, should the trial fee
of the justice of the peace and the county court
trial fee both be assessed as costs against the de-
fendant or should only one trial fee be assessed as
costs against the defendant?

"When a case is appealed from justice court
to county court and the defendant is convicted or
pleads guilty in county court, should the county
attorney's fee assessed in justice court and the
county attorney's fee assessed in county court
both be assessed as costs against the defendant?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED

Honorable A. B. Sutton, Page 2.

Article 1074, Vernon's Annotated Code of Criminal Procedure, provides:

"In each case of conviction in a county court, or a county court at law, whether by a jury or by a court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to be collected and paid over in the same manner as in the case of a jury fee, and in the Justice Court the trial fee shall be the sum of Four Dollars. (As amended Acts 1929, 41st Leg., p. 496, ch. 236, § 1; Acts 1929, 41st Leg., 1st C. S. p. 156, ch. 56 § 1.)"

The trial fees above provided to be assessed against the Defendant are to be collected and paid over in the same manner as in case of a jury fee. Jury fees are taxed and collected as costs in such cases. The condition upon which such trial fees are assessed, however, is solely upon conviction, whether by a jury or by a court or justice of the peace.

Whether upon a plea of guilty or in contested cases, such trial fee is assessed in each case where the defendant is convicted.

In answering your first question, therefore, it is the opinion of this department that where a defendant is convicted in the justice court and on appeal to the county court he is legally convicted de novo, a trial fee of Five Dollars in addition to the Four Dollar Trial fee assessed in the justice court, as provided in Article 1074, Vernon's Annotated Code of Criminal Procedure, is assessed regardless of whether a plea of guilty is entered or the case contested.

Article 1061, Vernon's Annotated Code of Criminal Procedure, provides:

"District and county attorneys shall be allowed the following fees in cases tried in the district or county courts or a county court at law, to be taxed against the defendant:

"For every conviction under the laws against gaming when no appeal is taken, or when, on appeal,

Honorable A. Z. Sutton, Page 3.

the judgment is affirmed, fifteen dollars.

"For every other conviction in cases of misdemeanor, where no appeal is taken, or when on appeal the judgment is affirmed, ten dollars. (Acts 1876, p. 284)."

Article 1062, Vernon's Code of Criminal Procedure, provides:

"Where several defendants are tried together, but one fee shall be allowed and taxed in the case for the district or county attorney. Where the defendants sever and are tried separately, a fee shall be allowed and taxed for each trial."

Article 1068 of said Codes, provides:

"If the defendant pleads guilty to a charge before a justice, the fee allowed the attorney representing the State shall be five dollars. The attorney who represents the State in a criminal action in a justice's court shall receive, for each conviction on a plea of not guilty, where no appeal is taken, ten dollars."

Article 1069 of said Code, provides:

"Where several defendants are prosecuted jointly, and do not sever on trial, but one attorney's fees shall be allowed."

Article 1070 of said Code, provides:

"No fee shall be allowed a district or county attorney in any case where he is not present and representing the State, upon the trial thereof, unless he has taken some action therein for the State, or is present and ready to represent the State at each regular term of the court in which such criminal action is pending; provided, that when pleas of guilty are accepted in any justice court, at any other time than the regular term thereof, the county attorney shall receive the sum of five dollars. In no case shall the county attorney, in consideration of a plea

Honorable A. E. Sutton    page 4

of guilty remit any part of his lawful fee."

It seems clear from the language used in Article 1061 and 1068 supra, when read together, that the county attorney's fee is based, in such misdemeanor cases, upon the conviction being final. The court of criminal appeals held in Huizar vs. State, 63 S. W. 329 that were the county attorney has a $10.00 fee taxed in the county court and also a $10.00 fee taxed in the justice court, he is entitled to but one fee.

We might call your attention to Article 1014 Vernon's Code of Criminal Procedure which reads:

"When a criminal action or proceeding is taken by appeal from one court to another, or whenever the same is in any other way transferred from one court to another, it shall be accompanied by a complete bill of all costs that have accrued therein, certified to and signed by the proper officer of the court from which the same is forwarded."

Answering your second question, therefore, it is our opinion that where a case is appealed to the county court, from the justice court, the county attorney would, in a proper case, be entitled to only the $10.00 fee provided in Article 1061, Vernon's Annotated Code of Criminal Procedure, which may be assessed and taxed as costs against the defendant.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:ncd

APPROVED SEP 9, 1943

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB